# EXHIBIT 1

**INSCORE LAW CORPORATION**
Daniel Z. Inscore (325203)
440 Stevens Ave Ste 200
Solana Beach, CA 92075
858-585-7297
eservice@inscore.law

Attorneys for Plaintiff Stan Solomonson

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
7/25/2024 2:19:01 PM

Clerk of the Superior Court
By N. Argamosa     ,Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| STAN SOLOMONSON,<br><br>        Plaintiff,<br><br>    vs.<br><br>**MARK ANTHONY SAWYER** dba MAS FINANCING, and DOES 1-100,<br><br>        Defendants. | Case No.:    24CU003746N<br><br>COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF<br><br>1.  BREACH OF CONTRACT – WRITTEN<br>2.  BREACH OF CONTRACT – ORAL<br>3.  FRAUD<br>4.  FINANCIAL ABUSE<br>5.  BREACH OF FIDUCIARY DUTY<br>6.  BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING<br>7.  CONVERSION<br>8.  CONSTRUCTIVE FRAUD<br>9.  NEGLIGENT MISREPRESENTATION<br>10. VIOLATIONS OF THE UNFAIR COMPETITON LAW, BUSINESS & PROFESSIONS CODE §§17200–17210<br>11. VIOLATION OF PC § 496<br>12. UNJUST ENRICHMENT<br><br>(Jury Trial Demanded) |

///

///

///

///

1
COMPLAINT

Plaintiff Stan Solomonson ("Plaintiff" or "Solomonson"), hereby alleges and asserts as follows:

## THE PARTIES

1. Plaintiff Solomonson is an individual residing in the County of San Diego, and State of California.

2. Defendant Mark Anthony Sawyer ("Defendant" or Sawyer") is an individual doing business as MAS Financing ("MAS"). Plaintiff is informed and believes that Defendant's principal place of business is in San Jose, California and that Defendant resides in Clark County, Nevada.

3. Plaintiff is informed and believes Defendant and/or MAS run numerous businesses, including acting as a mortgage broker.

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Does 1 through 100, inclusive, under the provisions of section 474 of the California Code of Civil Procedure. Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendants, together with appropriate charging allegations, when ascertained. The identities of such persons or entities are unknown to Plaintiff and Plaintiff will seek leave to amend when those identities are ascertained. Plaintiff is informed and believe, and thereon alleges, that each of the Defendants designated as a DOE is responsible in some manner for the events and happenings herein referred to and thereby legally caused the injuries and damages herein alleged.

5. Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein. All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

6. In doing the wrongful acts and omissions alleged herein, the Defendants, and each of them:

   a. commingled funds and other assets;

   b. failed to segregate funds of the separate entities, and the unauthorized diversion of

2

COMPLAINT

corporate funds or assets to other than corporate uses;

c.  treated the assets of each corporation as their own;

d.  held out that they are individually liable for the debts of each corporation or company;

e.  failed to maintain minutes or adequate corporate records;

f.  had sole ownership of all of the interest in a corporation or company by one individual or the members of a family;

g.  failed to adequately capitalize the corporations or companies;

h.  used the corporations as a mere shell, instrumentality or conduit for a single venture or the business of an individual or another corporation or company;

i.  disregarded legal formalities and the failure to maintain arm's length relationships among related entities;

j.  diverted of assets from a corporation by or to a stockholder or other person or entity, to the detriment of creditors, or the manipulation of assets and liabilities between entities so as to concentrate the assets in one and the liabilities in another;

k.  the contracting with another with intent to avoid performance by use of a corporate entity as a shield against personal liability, or the use of each corporation or company as a subterfuge of illegal transactions.

And thus, Defendants acted as alter egos of one another.

### JURY DEMAND

7.  Plaintiff hereby demands a jury trial of each claim asserted herein to the full extent such claim is triable by jury.

### VENUE

8.  Venue is proper in this Court pursuant to California Code of Civil Procedure § 395(a) and California Welfare and Institutions Code § 15657.3(c) because:

a.  Plaintiff resides in San Diego County, California.

b.  The wrongful acts and omissions complained of herein were committed in San Diego County, California.

3

COMPLAINT

c.   Defendants' fraudulent and abusive conduct, which forms the basis of this Complaint, affected Plaintiff in San Diego County, California.

## GENERAL ALLEGATIONS

9.   Solomonson is over 65 years old.

10. Over 9 years ago, Solomonson's friend, Clyde Berg, mentioned to him that he had been investing with Sawyer and was getting approximately 40% return on his investments. Mr. Berg, a longtime friend of Solomonson, is known as a savvy investor and real estate mogul. At the time Mr. Berg initially mentioned his dealings with Sawyer, Solomonson chose not to pursue any investments.

11. However, in or around 2021 to 2022, Solomonson presented an investment to Mr. Berg and was introduced to Sawyer, who assisted Mr. Berg with due diligence on the investment that Solomonson had presented. During that time, Solomonson got to know Sawyer and felt more comfortable with investing with him. In fact, Sawyer even became an investor in the company that Solomonson had presented to Mr. Berg.

12. During the same time period, Mr. Berg told Solomonson that he had been investing with Sawyer for 7 years and was still seeing great returns on his investments.

13. Sawyer misrepresented his background by claiming extensive past business successes in Silicon Valley. Sawyer also held himself out as a financial advisor, bank, and mortgage broker.

14. After getting to know Sawyer, Solomonson considered investing with Sawyer. Sawyer advised Solomonson what he could do with bridge loans. The bridge loans would be made to people who needed quick money they could earn high interest and then by rolling the notes over and over, Solomonson would be able to make significant returns on his investments as Mr. Berg had. Sawyer represented to Solomonson that he never had to foreclose. Sawyer baited Solomonson by stating that Solomonson would get 40% return on his investments.

15. The way the scam worked was as follows: Those allegedly fortunate enough to work with Sawyer would invest money with him, which he would use to make bridge loans to people in dire need of money, and then Sawyer would use the profits to pay back the loan to his investors, plus interest. The bridge loan program was supposed to repay Solomonson's investments at various

4

COMPLAINT

levels of interest over a 90-day period.  The promises to pay were backed up by promissory notes signed by Sawyer.

16. As part of the con, Sawyer created a number of promissory notes with 90-day terms between Solomonson and Sawyer.

17. The first promissory note was for an initial investment of $250,000, dated February 25, 2022. The due date on the first promissory note was May 25, 2022. $285,000 was to be paid to Solomonson on May 25, 2022. A copy of the February 25, 2022, promissory note is attached as **Exhibit 1**. Solomonson wire transferred the initial $250,000 on March 2, 2022.

18. Instead of getting paid the money due on the promissory note, Solomonson was convinced to roll it over and make another loan for an additional 90 days. A second promissory note was therefore executed on June 10, 2022, for the amount of $285,000 (the initial investment plus the amount rolled over from the initial loan). This 90-day loan had a due date of September 10, 2022. $324,900 was to be paid to Solomonson on September 10, 2022. A copy of the June 10, 2022, promissory note is attached as **Exhibit 2**.

19. Again, instead of getting paid on September 10, 2022, Solomonson was convinced to roll over the amounts again and make another 90-day loan. A third promissory note was executed on September 23, 2022, for the amount of $324,000 (the initial investment plus the amounts rolled over from the first two loans). This 90-day loan had a due date of December 23, 2022. $370,386 was to be paid to Solomonson on September 23, 2022. A copy of the September 23, 2022, promissory note is attached as **Exhibit 3**.

20. Payout from these series of promissory notes was never received by Solomonson. Instead, until Solomonson wanted to cash out, Sawyer would roll over the balance due on each note.

21. A second wire transfer of $250,000 was made by Solomonson to Sawyer on November 2, 2022, to fund more loans.

22. The series of rollover investments continued into 2023. From the initial loans made in 2022, $42,500 of the "profits" was transferred from the third promissory note and included in a fourth promissory note in the amount of $292,500 (a second $250,000 investment plus the $42,500 from the third promissory note "payout"). This 90-day note was dated February 17, 2023, with a due

COMPLAINT

date of May 17, 2023. $333,450 was to be paid to Solomonson on May 17, 2023. A copy of the February 17, 2023, promissory note is attached as **Exhibit 4**.

23. A fifth promissory note was executed on June 2, 2023, in the amount of $333,450.00. This 90-day note had a due date of September 2, 2023. $380,133 was to be paid to Solomonson on September 2, 2023. A copy of the June 2, 2023, promissory note is attached as **Exhibit 5**.

24. A sixth promissory note was executed on September 15, 2023, in the amount of $333,450.00. This 90-day note had a due date of December 15, 2023. $433,352 was to be paid to Solomonson on December 15, 2023. A copy of the September 15, 2023, promissory note is attached as **Exhibit 6**.

25. A seventh and final promissory note was executed on December 29, 2023, in the amount of $433,352. This 90-day note had a due date of March 29, 2024. $494,021 was to be paid to Solomonson on March 29, 2024. A copy of the December 29, 2023, promissory note is attached as **Exhibit 7**.

26. At all relevant times, Defendants knew that Sawyer never intended to honor the terms of the promissory notes.

27. In or around late 2023 to early 2024 Solomonson learned that Mr. Berg had not been paid for at least a year on his investments with Sawyer. Another acquaintance of Mr. Berg, Bob Combs, also reported that he had not been paid.

28. Thus, Solomonson, along with Mr. Berg began to make inquiries with Sawyer as to when they would be paid.  Instead of being paid, Sawyer spun stories alleging that the banks holding their funds had frozen his accounts without any reason and therefore, Solomonson could not receive his money.

29. In March 2024 Sawyer spun another story that he was in court opposing a Temporary Protective Order relating to the funds that were being held up.

30. During this time period, in an attempt to string Solomonson and the others along further, Sawyer stated that he was receiving $500,000 per day that he was able to use to pay others and that when he was able to receive more funds, he would then pay them what he was owed. When

Solomonson asked for records showing that Sawyer was in fact receiving $500,000 and transferring it to others, Sawyer failed to produce any records.

31. On several occasions, Solomonson requested information from Sawyer as to the status of his funds, including what bank was preventing Sawyer from accessing the money. Sawyer, however, failed to respond to these requests.

32. Fed up with the Sawyer's stories and failure to pay, Solomonson made several oral and written demands to Sawyer in 2024 seeking the monies owed to Solomonson based upon the seven (7) promissory notes. Sawyer failed to respond. No payments have been made since Solomonson's initial investment on February 25, 2022.

33. Upon information and belief, Plaintiff's money was not in fact used for bridge loans but was instead, usurped by Sawyer.

## FIRST CAUSE OF ACTION

## (BREACH OF CONTRACT – WRITTEN AS AGAINST SAWYER)

34. Plaintiff realleges and incorporates herein by reference, each and every allegation above and below as though set forth in full herein.

35. The parties had agreed that as each note came due, unless Solomonson requested his investment be returned, Sawyer would prepare a new note for a further three-month period that would pay a return yielding interest similar to the yield in the prior note, and this would be the case whether the subsequent notes were fully executed or not.

36. As described above, Sawyer signed numerous promissory notes promising to pay Solomonson the amounts specified in the notes. The notes kept revolving. Based upon the first three notes in 2022, Solomonson was owed his initial $250,000 investment, in addition to approximately $120,386 profit on his investment.

37. Following the remaining four notes from 2023, Solomonson was owed his $250,000 investment, as well as $201,521 profit on his investment.

38. The essential terms of the promissory notes were that Solomonson would invest an amount of money specified in the promissory notes and thereafter, Sawyer would repay Solomonson's investment with the amount specified in the promissory note plus interest, on the specified dates,

COMPLAINT

without further demand. The parties kept rolling over the notes until Solomonson demanded payment, which he did in 2024.

39. Despite repeated requests for Sawyer to pay the amounts due from the seven promissory notes, Sawyer failed to do so. As such, he is in breach of his contractual obligations for failure to pay the notes when due.

40. At all relevant times, Plaintiff performed his obligations under the contracts. Solomonson signed the notes and wired the funds to Sawyer as required under the terms of the notes.

41. As a direct and proximate result of the above-described breaches and failure to pay, Solomonson has suffered damages and is entitled to recover at least the full sum of $864,407, plus ten percent prejudgment interest, as well as attorneys' fees as provided for in the promissory notes.

## SECOND CAUSE OF ACTION

### (BREACH OF CONTRACT – ORAL AS AGAINST ALL DEFENDANTS)

42. Plaintiff realleges and incorporates herein by reference, each and every allegation above and below as though set forth in full herein.

43. The parties had agreed that as each note came due, unless Solomonson requested his investment be returned, Sawyer would prepare a new note for a further three-month period that would pay a return yielding interest similar to the yield in the prior note, and this would be the case whether the subsequent notes were fully executed or not.

44. As described above, Sawyer signed numerous promissory notes promising to pay Solomonson the amounts specified in the notes. The notes kept revolving. Based upon the first three notes in 2022, Solomonson was owed his initial $250,000 investment, in addition to approximately $120,386 profit on his investment.

45. Following the remaining four notes from 2023, Solomonson was owed his $250,000 investment, as well as $201,521 profit on his investment.

46. The essential terms of the promissory notes were that Solomonson would invest an amount of money specified in the promissory notes and thereafter, Sawyer would repay Solomonson's investment with the amount specified in the promissory note plus interest, on the specified dates,

without further demand. The parties kept rolling over the notes until Solomonson demanded payment, which he did in 2024.

47. Despite repeated requests for Sawyer to pay the amounts due from the seven promissory notes, Sawyer failed to do so. As such, he is in breach of his contractual obligations for failure to pay the notes when due.

48. At all relevant times, Plaintiff performed his obligations under the contracts. Solomonson signed the notes and wired the funds to Sawyer as required under the terms of the notes.

49. As a direct and proximate result of the above-described breaches and failure to pay, Solomonson has suffered damages and is entitled to recover at least the full sum of $864,407, plus ten percent prejudgment interest, as well as attorneys' fees as provided for in the promissory notes.

## THIRD CAUSE OF ACTION

## (FRAUD AS AGAINST ALL DEFENDANTS)

50. Plaintiff realleges and incorporates herein by reference, each and every allegation above and below as though set forth in full herein.

51. As described above, the Defendants intentionally lied about the use of the funds that they persuaded Solomonson to wire to Sawyer. Upon information and belief, there were no bridge loans made with the money.  It was all a scam, and the money was taken for Defendants' own personal gain.

52. All the statements made by Sawyer as to the use of Solomonson's investment were false, and they knew the statements to be false at the time they made them. Defendants intended to take Solomonson's money by deceit. Solomonson subsequently relied upon their misrepresentations in moving forward with the investments.

53. As a direct and proximate result of the above-described acts and omissions of Defendants, Solomonson has lost at least the full sum of $864,407, plus ten percent prejudgment interest, as well as attorneys' fees as provided for in the promissory notes.

54. Solomonson requests punitive damages of at least treble amount to punish Defendants for their willful and malicious conduct.

## FOURTH CAUSE OF ACTION

9

COMPLAINT

**(FINANCIAL ABUSE AS AGAINST ALL DEFENDANTS)**

55. Plaintiff realleges and incorporates herein by reference, each and every allegation above and below as though set forth in full herein.

56. Sawyer, operating under the guise of a legitimate financial advisor, bank, and mortgage broker, approached Plaintiff with an investment opportunity purportedly involving bridge loans.

57. Defendants represented that these bridge loans were low-risk and promised high returns, suitable for Plaintiff's financial needs.

58. Plaintiff, relying on Defendants' expertise and representations, entrusted a significant portion of their savings to Defendants for investment in these bridge loans.

59. Unbeknownst to Plaintiff, Defendants were operating a Ponzi scheme, using funds from new investors to pay purported returns to earlier investors.

60. Defendants failed to disclose the true nature of the investment scheme, the associated risks, or the fact that the investments were not generating legitimate returns.

61. As a result of Defendant's fraudulent scheme, Plaintiff has suffered substantial financial losses, emotional distress, and anxiety over their financial security.

62. Solomonson was and is, at all times relevant herein, an "elder" as that term is defined by Welfare and Institutions Code section 15610.27.

63. The retention, taking, secreting, and appropriation of Plaintiff's money or assisting therein, were unlawful. The actions or failures to act by Defendants, and each of them, as alleged herein were done for wrongful use, intended to defraud, and by undue influence.

64. The conduct of Defendants, and each of them, as described and alleged herein, constitutes financial abuse as defined in Welfare and Institutions Code §15610.30.

65. Defendants, and each of them, are guilty of recklessness, oppression, fraud, and malice in the commission of the financial abuse of Plaintiff described and alleged in this Complaint.

66. As a legal result of the acts and omissions alleged herein, Solomonson suffered damages, including pain and suffering.

67. As a legal result of the acts and omissions alleged herein, Solomonson is entitled to an award of reasonable attorney fees pursuant to Welfare and Institutions Code §15657(a).

10

COMPLAINT

68. As a legal result of the malice, fraud, and oppression herein alleged, plaintiff is entitled, in addition to special and general damages, to an award of punitive damages pursuant to Civil Code §3294 and to treble punitive damages pursuant to Civil Code §3345.

## FIFTH CAUSE OF ACTION

### (BREACH OF FIDUCIARY DUTY AS AGAINST ALL DEFENDANTS)

69. Plaintiff realleges and incorporates herein by reference, each and every allegation above and below as though set forth in full herein.

70. Financial planners, investment advisors, brokers, and brokerage firms owe fiduciary duties to their clients.

71. By virtue of providing investment advice, acting as securities brokers, and because of their superior knowledge and ability to control Plaintiff and their finances, Defendants and their agents and/or employees owed fiduciary duties to Solomonson. Defendants solicited Solomonson's business and Solomonson reposed trust and confidence in Defendants.

72. Due to the acumen, experience, and sophistication of Defendants, Solomonson necessarily placed great trust and reliance upon Defendants and Defendants' representations, advice, and recommendations. Defendants accepted Solomonson's reliance on their fiduciary relationship

73. The fiduciary relationship imposes a duty to act in the highest good faith toward the client and to make full and honest disclosure of all material facts, and the fiduciary duties must be exercised with the utmost care, good faith, and integrity.

74. A fiduciary assumes duties beyond those of mere fairness and honesty in marketing its product: he or she must undertake to act on behalf of the beneficiary, giving priority to the best interest of the beneficiary. Defendants had a duty to give priority to Solomonson's best interests and his investment goals.

75. Fiduciaries have an affirmative duty to disclose all material facts concerning the transaction that might affect the principal's decision, and they are precluded from obtaining any advantage over the principal by virtue of the agency. As such, Defendants had a duty to ensure that Solomonson was aware of all of the facts and that they were being presented with accurate facts and updates concerning the investments that were offered, recommended, and sold to them.

11

COMPLAINT

76. Defendants breached their fiduciary duties by making misrepresentations and omissions of material facts alleged herein.

77. As a direct and proximate result of the foregoing breaches of fiduciary duties, Plaintiff has been harmed as herein alleged, in an amount to be determined at the time of trial.

78. In breaching their fiduciary duties to Solomonson as herein alleged, Defendants' acts were willful, deliberate, and in bad faith, and with fraudulent, oppressive, and malicious intent toward Plaintiff. Under these circumstances, Plaintiff is entitled to recover punitive and/or exemplary damages in an amount sufficient to punish and make an example of Defendants and to deter other similar conduct in the future.

## SIXTH CAUSE OF ACTION

### (BREACH OF COVENANT OF FAITH AND FAIR DEALING AS AGAINT ALL DEFENDANTS)

79. Plaintiff realleges and incorporates herein by reference, each and every allegation above and below as though set forth in full herein.

80. The parties had agreed that as each note came due, unless Solomonson requested his investment be returned, Sawyer would prepare a new note for a further three-month period that would pay a return yielding interest similar to the yield in the prior note, and this would be the case whether the subsequent notes were fully executed or not.

81. As described above, Sawyer signed numerous promissory notes promising to pay Solomonson the amounts specified in the notes. The notes kept revolving. Based upon the first three notes in 2022, Solomonson was owed his initial $250,000 investment, in addition to approximately $120,386 profit on his investment.

82. Following the remaining four notes from 2023, Solomonson was owed his $250,000 investment, as well as $201,521 profit on his investment.

83. The essential terms of the promissory notes were that Solomonson would invest an amount of money specified in the promissory notes and thereafter, Sawyer would repay Solomonson's investment with the amount specified in the promissory note plus interest, on the specified dates,

COMPLAINT

without further demand. The parties kept rolling over the notes until Solomonson demanded payment, which he did in 2024.

84. Despite repeated requests for Sawyer to pay the amounts due from the seven promissory notes, Sawyer failed to do so.

85. Solomonson performed all of his requirements under the agreements, including the wiring of funds to Sawyer.

86. As set forth herein, Defendants breached the promissory notes by failing to pay the sums owed to Solomonson as the notes became due thus, breaching the covenant of good faith and fair dealing.

87. As a direct and proximate result of Defendants' breaches of their contracts with Solomonson, Plaintiff has been damaged in an amount exceeding $864.407, and has suffered additional consequential damages.

**SEVENTH CAUSE OF ACTION**

**(CONVERSION AS AGAINST ALL DEFENDANTS)**

88. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through ** of this Complaint as though set forth in full herein at length.

89. As described herein, Defendants intentionally deprived Plaintiff of $500,000 through lies and deceit.

90. Defendants obtained the money through lies and deceit, and despite demands for the money to be repaid by Defendants, nothing has been repaid.

91. Accordingly, as a direct and proximate result of the above-described acts and omissions of Defendants, Solomonson has lost his investments of $500,00 through lies and deceit.

92. Solomonson requests punitive damages of at least treble this amount to punish Defendants for their wretched behavior.

**EIGHTH CAUSE OF ACTION**

**(CONSTRUCTIVE FRAUD AS AGAINST ALL DEFENDANTS)**

93. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through ** of this Complaint as though set forth in full herein at length.

COMPLAINT

94. A fiduciary relationship existed between Plaintiff and Defendants, wherein Plaintiff placed trust and confidence in Defendants' purported expertise.

95. Defendants breached this fiduciary duty by misrepresenting the nature of the investments and failing to disclose material facts.

96. Plaintiff relied on Defendants' representations and was harmed as a result.

97. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer financial harm and other damages.

## NINTH CAUSE OF ACTION

## (NEGLIGENT MISREPRESENTATION AS AGAINST ALL DEFENDANTS)

98. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through ** of this Complaint as though set forth in full herein at length.

99. Defendants made representations regarding the investment opportunities without reasonable grounds for believing them to be true.

100.    Defendant intended to induce Plaintiff to rely on these misrepresentations.

101.    Plaintiff justifiably relied on Defendants' misrepresentations to their detriment.

102.    As a direct and proximate result of Defendants' negligent misrepresentations, Plaintiff has suffered financial harm and other damages.

## TENTH CAUSE OF ACTION

## (VIOLATIONS OF THE UNFAIR COMPETITON LAW, BUSINESS & PROFESSIONS CODE §§17200–17210 AS TO ALL DEFENDANTS)

103.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through ** of this Complaint as though set forth in full herein at length.

104.    Business and Professions Code §§17200–17210, the Unfair Competition Law (UCL), defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL authorizes any person who was injured by such unlawful, unfair, or fraudulent business acts to bring an action for relief under the statute acting in the interests of the general public. The UCL also provides that a court may enjoin acts of unfair competition, and order restitution to affected members of the public.

COMPLAINT

105.    The business acts and practices of Defendants as described above constitute unlawful business practices in violation of the UCL in that Defendants have violated numerous provisions of California law, as set forth above.

106.    The business acts and practices of Defendants as alleged above also constitute unfair business practices in violation of the UCL in that the acts and practices of Defendants challenged herein offend public policy and are substantially injurious to consumers. Said acts and practices have no utility that outweighs the substantial harm to consumers.

107.    The business acts and practices of the Defendants as alleged above also constitute fraudulent business practices in that said acts and practices are likely to deceive members of the public as to their legal rights and obligations.

108.    The unlawful, unfair, and fraudulent business acts and practices of Defendants described herein will persist and/or recur unless and until an injunction is issued by this court.

109.    As a direct and proximate result of the acts and practices described herein, Defendants have received and collected substantial monies from affected members of the public that they are not entitled to. Such funds properly belong to the affected members of the public and constitute ill-gotten gains subject to an order of restitution and/or disgorgement.

110.    Pursuant to Business and Professions Code §17203, Plaintiff seeks an injunction against Defendants enjoining them from engaging in the unlawful acts and practices alleged herein. Plaintiff also seeks an order requiring Defendants to disgorge all ill-gotten gains and to provide appropriate restitution to all affected members of the public. In addition, pursuant to Code of Civil Procedure §1021.5, and/or any other applicable provision of law, Plaintiff seeks attorneys' fees, costs, and expenses incurred in the filing and prosecution of this action.

## ELEVENTH CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA PENAL CODE § 496 AS TO ALL DEFENDANTS)

111.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through ** of this Complaint as though set forth in full herein at length.

112.    Plaintiff is the rightful owner of the money delivered and/or caused to be sent to Defendants. Plaintiff alleges that Defendants pursued a common course of conduct, acted in

15

COMPLAINT

concert and conspired with one another, and aided and abetted one another concerning the acts described herein.

113. Plaintiff alleges that Defendants have wrongfully and substantially interfered with Plaintiff's funds, prevented Plaintiff from having access to those funds, and/or refused to return said funds though Plaintiff demanded return of the funds. The conduct of Defendants was wrongful. Plaintiff is informed and believe, and thereupon alleges, that Defendants diverted Plaintiff's funds for their own benefit and not for the benefit of Plaintiff.

114. Plaintiff alleges that Defendants have obtained Plaintiff's funds in a manner constituting theft, and/or knew that Plaintiff's funds were stolen or obtained, and/or concealed, sold, withheld, or aided in concealing, selling, or withholding that property from Plaintiff knowing that it was so stolen or obtained. Plaintiff did not consent to the conduct of Defendants as alleged herein.

115. As a direct and proximate cause of the conduct of Defendants, Plaintiff has suffered damages in an amount according to proof but no less than $500,000, with interest at the legal rate per annum through judgment.

116. Pursuant to California Penal Code section 496(c), Plaintiff seeks as against Defendants a statutory penalty of three times the amount of actual damages.

117. Between the time of said theft as alleged herein, and the filing and prosecution of this action, Plaintiff has expended time and money in an attempt to recover the converted property, all to Plaintiff's further damage, in an amount according to proof.

118. As a direct and proximate cause of the conduct of Defendants, Plaintiff has suffered extreme emotional distress, including but not limited to stress, anxiety, sleeplessness, worry, anguish and nervousness.

119. The actions and conduct of Defendants were oppressive, malicious, and fraudulent, justifying an award of punitive damages in an amount according to proof.

120. Pursuant to California Penal Code section 496(c), Plaintiff seeks as against Defendants Costs of suit, and reasonable attorney's fees.

**TWELFTH CAUSE OF ACTION**

16

COMPLAINT

**(UNJUST ENRICHMENT AS ALLEGED AGAINST ALL DEEFENDANTS)**

121.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through ** of this Complaint as though set forth in full herein at length.

122.    Plaintiff is informed and believes and thereupon alleges that Defendants dispute the enforceability and/or Plaintiff's interpretation of the pertinent terms of the agreement that governs the parties' relationship, as well as Plaintiff's right to full and fair compensation pursuant to the agreement.

123.    Plaintiff has conferred a benefit upon Defendants by virtue of the transfer of funds at the request of Sawyer. Defendants have knowingly and unjustly retained the aforementioned benefits by failing and refusing to fully compensate Plaintiff as agreed under the promissory notes.

124.     By virtue of it having requested and received funds from Plaintiff, Defendants have received a benefit and have been, or will be, unjustly enriched by its conduct, and it would be inequitable for Defendants to retain the benefit of such conduct at Plaintiff's expense.

125.    In order to prevent injustice, and to fairly and equitably compensate Plaintiff for the loss of this reasonably expected sum, Plaintiff has suffered, and should recover from Defendants, damages in the sum to be determined, including all funds tendered by Plaintiff to Sawyer, together with the interest earned pursuant to the terms of the promissory notes, representing the amount by which Defendants have been unjustly enriched, plus the value of the use of that sum since the time it was unjustly retained by Defendants. The exact amount of said damages to be shown according to proof at the time of trial are beyond the jurisdictional minimum of this court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment as follows:

1.  That in the Defendants be ordered to pay $864,407.00 for breach of the signed written contracts, plus statutory interest at 10%, plus attorneys' fees as provided by agreement;

2.  That, in the alternative, Defendants be ordered to pay the $500,000.00 they tricked Plaintiff into investing plus punitive damages of at least treble damages, plus statutory interest at 10% plus attorneys' fees as provided by agreement;

3.   That Defendants be prohibited from ever holding themselves out to the public as a financial advisor, bank, broker, or loan agent and be prohibited from engaging in or working for any financial institution or loan agency ever again;

4.   For general and special damages;

5.    For actual, compensatory, and reliance damages in an amount to be determined at the trial of this action;

6.   For punitive damages pursuant to Civil Code §3294;

7.   For treble punitive damages and civil penalties pursuant to Civil Code §3345

8.   For costs of suit herein incurred;

9.   For attorneys' fees and costs according to the agreements and pursuant to Welfare and Institutions Code §15657.5, Code of Civil Procedure §1021.5, Civil Code § 1717, and Penal Code § 496;

10. For restitution;

11. For injunctive relief as alleged;

12. For treble actual damages as it relates to the violation of Penal Code § 496;

13. For costs of suit and for such other and further relief both legal and equitable as the court deems just and proper; and

14. For prejudgment interest.

Dated:  July 25, 2024                                    **INSCORE LAW CORPORATION**

By: _____
                                                        Daniel Z. Inscore
                                                        Attorneys for Plaintiff

COMPLAINT

# Exhibit 1

1

Exhibit

## PROMISSORY NOTE

| Borrower Information: | |
|---|---|
| Name:<br>Thomas Project – Mark Sawyer | Date: 02/25/22 |
| Street Address:<br>1905 O'Toole Way | Date of Birth: N/A |
| City:<br>San Jose | Area code/Telephone number: 408-943-4911 |
| State:<br>California | Driver's License Number: N/A |
| Zip:<br>95131 | EIN - Number: 26-1916580 |

| Lender Information: | |
|---|---|
| Name:<br>Stanley Solomonson | Area code/Telephone number: 707-939-7777 |
| Street Address:<br>975 Eolus avenue | Payment check made payable to: |
| City:<br>Encinitas | Stanley Solomonson |
| State:<br>California | S.S: 450-xx-xxxx |
| Zip:<br>92024 | |
| Lender Information: | |

| Loan Information: | |
|---|---|
| Loan Amount: $250,000.00 | Loan Period: 90 days |
| Fee: $35,000.00 | Payment Schedule: 05/25/22 |

1. **Promise to Pay**. For value received, **Thomas Project – Mark Sawyer** (Borrower) promises to **Stanley Solomonson** (Lender**) $285,000.00** as specified below.

2. **Installments**.

☐ Borrower will pay _____ payments of $_____ each at monthly/yearly_____ intervals on the _____ day of the month.

X    Borrower will pay one lump payment on _05/25/22_ date.

☐ Borrower will pay 36 payments at monthly intervals with a final balloon payment at the end of the loan term on date.

3. **Application of Payments**. Payments will be applied first to interest only.

4. **Prepayment**. After six months, borrower may prepay all or any part of the principal without penalty.

5. **Loan Acceleration**. If Borrower is more than **5** days late in making any payment, Lender may declare that the entire balance of unpaid principal is due immediately, together with the interest that has accrued.

6. **Security**

X   This is an unsecured note.

☐ Borrower agrees that until the principal and interest owed under this promissory note are paid in full, this note will be secured by a security agreement and Uniform Commercial Code Financing statement giving Lender a security interest in the equipment, fixtures, inventory and accounts receivable of the business known as _____.

☐ Borrower agrees that until the principal and interest owed under this promissory note are paid in full, this note will be secured by the

☐ mortgage deed of trust covering the real estate commonly known as a Single-Family Residence and more fully described as follows:

7. **Collection Costs**. If Lender prevails in a lawsuit to collect on this note, Borrower will pay Lender's costs and lawyer's fees in an amount the court finds to be reasonable.

The undersigned and all other parties to this note, whether as endorsers, guarantors or sureties, agree to remain fully bound until this note shall be fully paid and waive demand, presentment and protest and all notices hereto and further agree to remain bound notwithstanding any extension, modification, waiver, or other indulgence or discharge or release of any obligor hereunder or exchange, substitution, or release of any collateral granted as security for this note. No modification or indulgence by any holder hereof shall be binding unless in writing; and any indulgence on any one occasion shall not be an indulgence for any other or future occasion. Any modification or change in terms, hereunder granted by any holder hereof, shall be valid and binding upon each of the undersigned, notwithstanding the acknowledgement of any of the undersigned, and each of the undersigned does hereby irrevocably grant to each of the others a power of attorney to enter into any such modification on their behalf. The rights of any holder hereof shall be cumulative and not necessarily successive. This note shall take effect as a sealed instrument and shall be construed, governed and enforced in accordance with the laws of the State of California.

Borrower: _____    Date: _02-25-22_

Lender: _____    Date: _____

# Exhibit 2

Exhibit

**PROMISSORY NOTE**

| Borrower Information: | |
|---|---|
| Name:<br>Meeks Project – Mark Sawyer | Date: 06/10/22 |
| Street Address:<br>1905 O'Toole Way | Date of Birth: N/A |
| City:<br>San Jose | Area code/Telephone number: 408-943-4911 |
| State:<br>California | Driver's License Number: N/A |
| Zip:<br>95131 | EIN - Number: 26-1916580 |

| Lender Information: | |
|---|---|
| Name:<br>Stanley Solomonson | Area code/Telephone number: 707-939-7777 |
| Street Address:<br>975 Eolus Avenue | Payment check made payable to: |
| City:<br>Encinitas | Stanley Solomonson |
| State:<br>California | S.S: 450-xx-xxxx |
| Zip:<br>92024 | From: Thomas |
| Lender Information: | |

| Loan Information: | |
|---|---|
| Loan Amount: $285,000.00 | Loan Period: 90 days |
| Fee: $39,900.00 | Payment Schedule: 09/10/22 |

1. **Promise to Pay**. For value received, **Meeks Project – Mark Sawyer** (Borrower) promises to **Stanley Solomonson** (Lender) **$324,900.00** as specified below.

2. **Installments**.

☐ Borrower will pay _____ payments of $_____ each at monthly/yearly_____ intervals on the _____ day of the month.

**X** Borrower will pay one lump payment on _09/10/22_ date.

☐ Borrower will pay 36 payments at monthly intervals with a final balloon payment at the end of the loan term on date.

3. **Application of Payments**. Payments will be applied first to interest only.

4. **Prepayment**. After six months, borrower may prepay all or any part of the principal without penalty.

5. **Loan Acceleration**. If Borrower is more than **5** days late in making any payment, Lender may declare that the entire balance of unpaid principal is due immediately, together with the interest that has accrued.

6. **Security**

**X** This is an unsecured note.

☐ Borrower agrees that until the principal and interest owed under this promissory note are paid in full, this note will be secured by a security agreement and Uniform Commercial Code Financing statement giving Lender a security interest in the equipment, fixtures, inventory and accounts receivable of the business known as _____.

☐ Borrower agrees that until the principal and interest owed under this promissory note are paid in full, this note will be secured by the

☐ mortgage deed of trust covering the real estate commonly known as a Single-Family Residence and more fully described as follows:

7. **Collection Costs**. If Lender prevails in a lawsuit to collect on this note, Borrower will pay Lender's costs and lawyer's fees in an amount the court finds to be reasonable.

The undersigned and all other parties to this note, whether as endorsers, guarantors or sureties, agree to remain fully bound until this note shall be fully paid and waive demand, presentment and protest and all notices hereto and further agree to remain bound notwithstanding any extension, modification, waiver, or other indulgence or discharge or release of any obligor hereunder or exchange, substitution, or release of any collateral granted as security for this note. No modification or indulgence by any holder hereof shall be binding unless in writing; and any indulgence on any one occasion shall not be an indulgence for any other or future occasion. Any modification or change in terms, hereunder granted by any holder hereof, shall be valid and binding upon each of the undersigned, notwithstanding the acknowledgement of any of the undersigned, and each of the undersigned does hereby irrevocably grant to each of the others a power of attorney to enter into any such modification on their behalf. The rights of any holder hereof shall be cumulative and not necessarily successive. This note shall take effect as a sealed instrument and shall be construed, governed and enforced in accordance with the laws of the State of California.

Borrower: _____  Date: _06-10-22_

Lender: _____  Date: _____

# Exhibit 3

Exhibit

**PROMISSORY NOTE**

| Borrower Information: | |
|---|---|
| Name:<br>Edmunds Project – Mark Sawyer | Date: 09/23/22 |
| Street Address:<br>1905 O'Toole Way | Date of Birth: N/A |
| City:<br>San Jose | Area code/Telephone number: 408-943-4911 |
| State:<br>California | Driver's License Number: N/A |
| Zip:<br>95131 | EIN - Number: 26-1916580 |

| Lender Information: | |
|---|---|
| Name:<br>Stanley Solomonson | Area code/Telephone number: 707-939-7777 |
| Street Address:<br>975 Eolus Avenue | Payment check made payable to: |
| City:<br>Encinitas | Stanley Solomonson |
| State:<br>California | S.S: 450-xx-xxxx |
| Zip:<br>92024 | From: Meeks |
| Lender Information: | |

| Loan Information: | |
|---|---|
| Loan Amount: $324,900.00 | Loan Period: 90 days |
| Fee: $45,486.00 | Payment Schedule: 12/23/22 |

1. **Promise to Pay**. For value received, <u>**Edmunds Project – Mark Sawyer**</u> (Borrower) promises to <u>**Stanley Solomonson**</u> (Lender<u>) **$370,386.00**</u> as specified below.

2. **Installments**.

☐ Borrower will pay _____ payments of $\_\_\_\_\_ each at monthly/yearly_____ intervals on the \_\_\_\_\_ day of the month.

X    Borrower will pay one lump payment on \_12/23/22\_ date.

☐ Borrower will pay 36 payments at monthly intervals with a final balloon payment at the end of the loan term on date.

3. **Application of Payments**. Payments will be applied first to interest only.

4. **Prepayment**. After six months, borrower may prepay all or any part of the principal without penalty.

5. **Loan Acceleration**. If Borrower is more than <u>**5**</u> days late in making any payment, Lender may declare that the entire balance of unpaid principal is due immediately, together with the interest that has accrued.

6. **Security**

X   This is an unsecured note.

☐ Borrower agrees that until the principal and interest owed under this promissory note are paid in full, this note will be secured by a security agreement and Uniform Commercial Code Financing statement giving Lender a security interest in the equipment, fixtures, inventory and accounts receivable of the business known as \_\_\_\_.

☐ Borrower agrees that until the principal and interest owed under this promissory note are paid in full, this note will be secured by the

☐ mortgage deed of trust covering the real estate commonly known as a Single-Family Residence and more fully described as follows:

7. **Collection Costs**. If Lender prevails in a lawsuit to collect on this note, Borrower will pay Lender's costs and lawyer's fees in an amount the court finds to be reasonable.

The undersigned and all other parties to this note, whether as endorsers, guarantors or sureties, agree to remain fully bound until this note shall be fully paid and waive demand, presentment and protest and all notices hereto and further agree to remain bound notwithstanding any extension, modification, waiver, or other indulgence or discharge or release of any obligor hereunder or exchange, substitution, or release of any collateral granted as security for this note. No modification or indulgence by any holder hereof shall be binding unless in writing; and any indulgence on any one occasion shall not be an indulgence for any other or future occasion. Any modification or change in terms, hereunder granted by any holder hereof, shall be valid and binding upon each of the undersigned, notwithstanding the acknowledgement of any of the undersigned, and each of the undersigned does hereby irrevocably grant to each of the others a power of attorney to enter into any such modification on their behalf. The rights of any holder hereof shall be cumulative and not necessarily successive. This note shall take effect as a sealed instrument and shall be construed, governed and enforced in accordance with the laws of the State of California.

Borrower: _____    Date: 9-23-22

Lender: _____    Date: _____

# Exhibit 4

**PROMISSORY NOTE- Closed**

| Borrower Information: | |
|---|---|
| Name:<br>Wells Project – Mark Sawyer | Date: 02/17/23 |
| Street Address:<br>1905 O'Toole Way | Date of Birth: N/A |
| City:<br>San Jose | Area code/Telephone number: 408-943-4911 |
| State:<br>California | Driver's License Number: N/A |
| Zip:<br>95131 | EIN - Number: 26-1916580 |

| Lender Information: | |
|---|---|
| Name:<br>Stanley Solomonson | Area code/Telephone number: 707-939-7777 |
| Street Address:<br>975 Eolus Avenue | Payment check made payable to: |
| City:<br>Encinitas | Stanley Solomonson |
| State:<br>California | S.S: 450-xx-xxxx |
| Zip:<br>92024 | From: Grant |
| Lender Information: | |

| Loan Information: | |
|---|---|
| Loan Amount: $292,500.00 | Loan Period: 90 days |
| Fee: $40,950.00 | Payment Schedule: 05/17/23 |

1. **Promise to Pay**. For value received, **Wells Project – Mark Sawyer** (Borrower) promises to **Stanley Solomonson** (Lender**) $333,450.00** as specified below.

2. **Installments**.

☐ Borrower will pay _____ payments of $_____ each at monthly/yearly_____ intervals on the _____ day of the month.

**X** Borrower will pay one lump payment on _05/17/23_ date.

☐ Borrower will pay 36 payments at monthly intervals with a final balloon payment at the end of the loan term on date.

3. **Application of Payments**. Payments will be applied first to interest only.

4. **Prepayment**. After six months, borrower may prepay all or any part of the principal without penalty.

5. **Loan Acceleration**. If Borrower is more than **5** days late in making any payment, Lender may declare that the entire balance of unpaid principal is due immediately, together with the interest that has accrued.

6. **Security**

**X** This is an unsecured note.

☐ Borrower agrees that until the principal and interest owed under this promissory note are paid in full, this note will be secured by a security agreement and Uniform Commercial Code Financing statement giving Lender a security interest in the equipment, fixtures, inventory and accounts receivable of the business known as ____.

☐ Borrower agrees that until the principal and interest owed under this promissory note are paid in full, this note will be secured by the

☐ mortgage deed of trust covering the real estate commonly known as a Single-Family Residence and more fully described as follows:

7. **Collection Costs**. If Lender prevails in a lawsuit to collect on this note, Borrower will pay Lender's costs and lawyer's fees in an amount the court finds to be reasonable.

The undersigned and all other parties to this note, whether as endorsers, guarantors or sureties, agree to remain fully bound until this note shall be fully paid and waive demand, presentment and protest and all notices hereto and further agree to remain bound notwithstanding any extension, modification, waiver, or other indulgence or discharge or release of any obligor hereunder or exchange, substitution, or release of any collateral granted as security for this note. No modification or indulgence by any holder hereof shall be binding unless in writing; and any indulgence on any one occasion shall not be an indulgence for any other or future occasion. Any modification or change in terms, hereunder granted by any holder hereof, shall be valid and binding upon each of the undersigned, notwithstanding the acknowledgement of any of the undersigned, and each of the undersigned does hereby irrevocably grant to each of the others a power of attorney to enter into any such modification on their behalf. The rights of any holder hereof shall be cumulative and not necessarily successive. This note shall take effect as a sealed instrument and shall be construed, governed and enforced in accordance with the laws of the State of California.

Borrower: _____    Date: _____

Lender: _____    Date: _____

# Exhibit 5

**PROMISSORY NOTE- Closed**

| Borrower Information: | |
|---|---|
| Name:<br>Pollard Project – Mark Sawyer | Date: 06/02/23 |
| Street Address:<br>1905 O'Toole Way | Date of Birth: N/A |
| City:<br>San Jose | Area code/Telephone number: 408-943-4911 |
| State:<br>California | Driver's License Number: N/A |
| Zip:<br>95131 | EIN - Number: 26-1916580 |

| Lender Information: | |
|---|---|
| Name:<br>Stanley Solomonson | Area code/Telephone number: 707-939-7777 |
| Street Address:<br>975 Eolus Avenue | Payment check made payable to: |
| City:<br>Encinitas | Stanley Solomonson |
| State:<br>California | S.S: 450-xx-xxxx |
| Zip:<br>92024 | From: Wells |
| Lender Information: | |

| Loan Information: | |
|---|---|
| Loan Amount: $333,450.00 | Loan Period: 90 days |
| Fee: $46,683.00 | Payment Schedule: 09/02/23 |

1. **Promise to Pay**. For value received, **Pollard Project – Mark Sawyer** (Borrower) promises to **Stanley Solomonson** (Lender**) $380,133.00** as specified below.

2. **Installments**.

☐ Borrower will pay _____ payments of $_____ each at monthly/yearly_____ intervals on the _____ day of the month.

**X** Borrower will pay one lump payment on _09/02/23_ date.

☐ Borrower will pay 36 payments at monthly intervals with a final balloon payment at the end of the loan term on date.

3. **Application of Payments**. Payments will be applied first to interest only.

4. **Prepayment**. After six months, borrower may prepay all or any part of the principal without penalty.

5. **Loan Acceleration**. If Borrower is more than **5** days late in making any payment, Lender may declare that the entire balance of unpaid principal is due immediately, together with the interest that has accrued.

6. **Security**

**X** This is an unsecured note.

☐ Borrower agrees that until the principal and interest owed under this promissory note are paid in full, this note will be secured by a security agreement and Uniform Commercial Code Financing statement giving Lender a security interest in the equipment, fixtures, inventory and accounts receivable of the business known as _____.

☐ Borrower agrees that until the principal and interest owed under this promissory note are paid in full, this note will be secured by the

☐ mortgage deed of trust covering the real estate commonly known as a Single-Family Residence and more fully described as follows:

7. **Collection Costs**. If Lender prevails in a lawsuit to collect on this note, Borrower will pay Lender's costs and lawyer's fees in an amount the court finds to be reasonable.

The undersigned and all other parties to this note, whether as endorsers, guarantors or sureties, agree to remain fully bound until this note shall be fully paid and waive demand, presentment and protest and all notices hereto and further agree to remain bound notwithstanding any extension, modification, waiver, or other indulgence or discharge or release of any obligor hereunder or exchange, substitution, or release of any collateral granted as security for this note. No modification or indulgence by any holder hereof shall be binding unless in writing; and any indulgence on any one occasion shall not be an indulgence for any other or future occasion. Any modification or change in terms, hereunder granted by any holder hereof, shall be valid and binding upon each of the undersigned, notwithstanding the acknowledgement of any of the undersigned, and each of the undersigned does hereby irrevocably grant to each of the others a power of attorney to enter into any such modification on their behalf. The rights of any holder hereof shall be cumulative and not necessarily successive. This note shall take effect as a sealed instrument and shall be construed, governed and enforced in accordance with the laws of the State of California.

Borrower: _____     Date: _____

Lender: _____     Date: _____

# Exhibit 6

Exhibit

**PROMISSORY NOTE - Closed**

| Borrower Information: | |
|---|---|
| Name:<br>Lawson Project – Mark Sawyer | Date: 09/15/23 |
| Street Address:<br>1905 O'Toole Way | Date of Birth: N/A |
| City:<br>San Jose | Area code/Telephone number: 408-943-4911 |
| State:<br>California | Driver's License Number: N/A |
| Zip:<br>95131 | EIN - Number: 26-1916580 |

| Lender Information: | |
|---|---|
| Name:<br>Stanley Solomonson | Area code/Telephone number: 707-939-7777 |
| Street Address:<br>975 Eolus Avenue | Payment check made payable to: |
| City:<br>Encinitas | Stanley Solomonson |
| State:<br>California | S.S: 450-xx-xxxx |
| Zip:<br>92024 | From: Pollard |
| Lender Information: | |

| Loan Information: | |
|---|---|
| Loan Amount: $380,133.00 | Loan Period: 90 days |
| Fee: $53,219.00 | Payment Schedule: 12/15/23 |

1. **Promise to Pay**. For value received, **Lawson Project – Mark Sawyer** (Borrower) promises to **Stanley Solomonson** (Lender**) $433,352.00** as specified below.

2. **Installments**.

   ☐ Borrower will pay _____ payments of $_____ each at monthly/yearly_____ intervals on the _____ day of the month.

   **X** Borrower will pay one lump payment on _12/15/23_ date.

   ☐ Borrower will pay 36 payments at monthly intervals with a final balloon payment at the end of the loan term on date.

3. **Application of Payments**. Payments will be applied first to interest only.

4. **Prepayment**. After six months, borrower may prepay all or any part of the principal without penalty.

5. **Loan Acceleration**. If Borrower is more than **5** days late in making any payment, Lender may declare that the entire balance of unpaid principal is due immediately, together with the interest that has accrued.

6. **Security**

   **X** This is an unsecured note.

   ☐ Borrower agrees that until the principal and interest owed under this promissory note are paid in full, this note will be secured by a security agreement and Uniform Commercial Code Financing statement giving Lender a security interest in the equipment, fixtures, inventory and accounts receivable of the business known as ____.

   ☐ Borrower agrees that until the principal and interest owed under this promissory note are paid in full, this note will be secured by the

   ☐ mortgage deed of trust covering the real estate commonly known as a Single-Family Residence and more fully described as follows:

7. **Collection Costs**. If Lender prevails in a lawsuit to collect on this note, Borrower will pay Lender's costs and lawyer's fees in an amount the court finds to be reasonable.

The undersigned and all other parties to this note, whether as endorsers, guarantors or sureties, agree to remain fully bound until this note shall be fully paid and waive demand, presentment and protest and all notices hereto and further agree to remain bound notwithstanding any extension, modification, waiver, or other indulgence or discharge or release of any obligor hereunder or exchange, substitution, or release of any collateral granted as security for this note. No modification or indulgence by any holder hereof shall be binding unless in writing; and any indulgence on any one occasion shall not be an indulgence for any other or future occasion. Any modification or change in terms, hereunder granted by any holder hereof, shall be valid and binding upon each of the undersigned, notwithstanding the acknowledgement of any of the undersigned, and each of the undersigned does hereby irrevocably grant to each of the others a power of attorney to enter into any such modification on their behalf. The rights of any holder hereof shall be cumulative and not necessarily successive. This note shall take effect as a sealed instrument and shall be construed, governed and enforced in accordance with the laws of the State of California.

Borrower: _____   Date: _____

Lender: _____   Date: _____

# Exhibit 7

7
Exhibit

**PROMISSORY NOTE**

| Borrower Information: | |
|---|---|
| Name:<br>Mayer Project – Mark Sawyer | Date: 12/29/23 |
| Street Address:<br>1905 O'Toole Way | Date of Birth: N/A |
| City:<br>San Jose | Area code/Telephone number: 408-943-4911 |
| State:<br>California | Driver's License Number: N/A |
| Zip:<br>95131 | EIN - Number: 26-1916580 |

| Lender Information: | |
|---|---|
| Name:<br>Stanley Solomonson | Area code/Telephone number: 707-939-7777 |
| Street Address:<br>975 Eolus Avenue | Payment check made payable to: |
| City:<br>Encinitas | Stanley Solomonson |
| State:<br>California | S.S: 450-xx-xxxx |
| Zip:<br>92024 | From: Lawson |
| Lender Information: | |

| Loan Information: | |
|---|---|
| Loan Amount: $433,352.00 | Loan Period: 90 days |
| Fee: $60,669.00 | Payment Schedule: 03/29/24 |

1. **Promise to Pay**. For value received, <u>**Mayer Project – Mark Sawyer**</u> (Borrower) promises to <u>**Stanley Solomonson**</u> (Lender**) $494,021.00** as specified below.

2. **Installments**.

☐ Borrower will pay _____ payments of $_____ each at monthly/yearly_____ intervals on the _____ day of the month.

**X** Borrower will pay one lump payment on _03/29/24_ date.

☐ Borrower will pay 36 payments at monthly intervals with a final balloon payment at the end of the loan term on date.

3. **Application of Payments**. Payments will be applied first to interest only.

4. **Prepayment**. After six months, borrower may prepay all or any part of the principal without penalty.

5. **Loan Acceleration**. If Borrower is more than **5** days late in making any payment, Lender may declare that the entire balance of unpaid principal is due immediately, together with the interest that has accrued.

6. **Security**

**X** This is an unsecured note.

☐ Borrower agrees that until the principal and interest owed under this promissory note are paid in full, this note will be secured by a security agreement and Uniform Commercial Code Financing statement giving Lender a security interest in the equipment, fixtures, inventory and accounts receivable of the business known as ____.

☐ Borrower agrees that until the principal and interest owed under this promissory note are paid in full, this note will be secured by the

☐ mortgage deed of trust covering the real estate commonly known as a Single-Family Residence and more fully described as follows:

7. **Collection Costs**. If Lender prevails in a lawsuit to collect on this note, Borrower will pay Lender's costs and lawyer's fees in an amount the court finds to be reasonable.

The undersigned and all other parties to this note, whether as endorsers, guarantors or sureties, agree to remain fully bound until this note shall be fully paid and waive demand, presentment and protest and all notices hereto and further agree to remain bound notwithstanding any extension, modification, waiver, or other indulgence or discharge or release of any obligor hereunder or exchange, substitution, or release of any collateral granted as security for this note. No modification or indulgence by any holder hereof shall be binding unless in writing; and any indulgence on any one occasion shall not be an indulgence for any other or future occasion. Any modification or change in terms, hereunder granted by any holder hereof, shall be valid and binding upon each of the undersigned, notwithstanding the acknowledgement of any of the undersigned, and each of the undersigned does hereby irrevocably grant to each of the others a power of attorney to enter into any such modification on their behalf. The rights of any holder hereof shall be cumulative and not necessarily successive. This note shall take effect as a sealed instrument and shall be construed, governed and enforced in accordance with the laws of the State of California.

Borrower: _____  Date: _____

Lender: _____  Date: _____